UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARY S. THOMAS | § § | |
| VS. | § § | CIVIL ACTION NO. |
| SAM'S EAST, INC., | § § | DEFENDANT DEMANDS A JURY |

### NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, Defendant SAM'S EAST, INC., incorrectly named as Sam's Club ("Sam's Club") and files this Notice of Removal, pursuant to 28 U.S.C. §§ 1441 and 1446, removing the above-captioned case from the County Court at Law Number One, Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division.

### I.
### RELEVANT FACTS

1.   Plaintiff, Mary Thomas, claims she sustained an injury to her right foot when she was struck by carts being pushed by a Sam's Club employee at Sam's Club store #8244 on July 5, 2017. *See* Pl.'s Orig. Pet. (Ex. A) at § 3-4. Plaintiff asserts claims of negligence, assault and battery. *See id.* at § 6. Plaintiff's lawsuit expressly alleges that she is seeking damages of $100,000.00. *See id.* at § 11.

2.   Plaintiff served Sam's Club with her First Amended Original Petition on January 7, 2020.

### II.
### THE PARTIES

3.   Plaintiff Mary Thomas pleaded that she resides in Harris County, Texas. *See* Ex. A. As such, Plaintiff is a citizen of the State of Texas.

4. Corporations are citizens of the state in which they are incorporated and in the state where the corporation's principal place of business is located. Sam's Club is a Delaware corporation with its principal place of business in Arkansas.

### III.
### BASIS FOR REMOVAL

5. Sam's Club removes this case to federal court because there is complete diversity of citizenship between the parties and the amount in controversy is greater than $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

**A. There is complete diversity of citizenship.**

6. There is complete diversity of citizenship, *see* 28 U.S.C. §§ 1332, 1441, between the Texas Plaintiff and the out-of-state defendant, Sam's Club, which is a citizen of Delaware and Arkansas.

**B. The amount in controversy requirement is met.**

7. A removing party may establish that the amount in controversy exceeds $75,000 by showing the non-removing party explicitly sought damages over $75,000. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 881 (5th Cir. 2000). Here, Plaintiff's lawsuit expressly pleaded that she seeks monetary relief from his lawsuit of $100,000.00. *See* Ex. A at § 11.

**C. This removal is timely and venue is proper.**

8. This Notice of Removal is being filed within 30 days of service of Plaintiff's lawsuit on Sam's Club, and within one year of the commencement of this action. It is therefore timely. Venue is proper in this District under 28 U.S.C. § 1441(a) because the state court where the action is pending is in this District.

**C. Procedural requirements for removal are satisfied**

9. Upon filing of this Notice of Removal of the cause, Sam's Club gave written notice of the filing to Plaintiff and his counsel as required by law. A copy of this Notice is also being filed with the Clerk of the County Court at Law Number One of Harris County, Texas, where this cause was originally filed. A copy of all processes, pleadings, and orders has been filed separately with this Court pursuant to 28 U.S.C. § 1446(a).

## IV.
## CONCLUSION AND PRAYER

10. Based on the foregoing, Sam's Club has established that the amount in controversy exceeds $75,000.00 and that diversity of citizenship exists between the parties in this case. Therefore, removal is proper in this case.

Respectfully submitted,

**BUSH & RAMIREZ, PLLC**

*/s/ John A. Ramirez*
John A. Ramirez
State Bar No. 00798450
Federal ID No. 21280
Stephanie B. Donaho
State Bar No. 24055213
Federal ID No. 3028742
5615 Kirby Drive, Suite 900
Houston, Texas 77005
Telephone: (713) 626-1555
Facsimile: (713) 622-8077
jramirez.atty@bushramirez.com

**ATTORNEYS FOR DEFENDANT,
SAM'S EAST, INC., incorrectly named as
Sam's Club**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing instrument has been sent to all interested counsel of record in accordance with the TEXAS RULES OF CIVIL PROCEDURE on this 15th day of January 2020.

David Slaughter
1002 Gemini, Suite 225H
Houston, Texas 77058

/s/ John A. Ramirez
John A. Ramirez



# OFFICE OF DIANE TRAUTMAN
COUNTY CLERK, HARRIS COUNTY, TEXAS
COUNTY CIVIL COURTS DEPARTMENT

**Docket Number: 1136535**
Receipt Number: CL-2019-296034    Date: 06/28/2019    Certified Mail Fee: $80.00
Tracking Number: 7010-1870-0000-2788-4243

MARY S. THOMAS
**Plaintiff**
VS.
SAM'S CLUB
**Defendant**

In The County Civil Court at Law No. 1
201 Caroline, No. 500
Houston, TX 77002

## THE STATE OF TEXAS
### ORIGINAL PETITION CITATION
### NOTICE TO SERVE NON-RESIDENT DEFENDANT
(Rules 101 & 108 – Rules of Civil Procedure – 1952)
BY CERTIFIED MAIL THROUGH THE COUNTY CLERK, RRR

To:    Sam's Club
       C/O President: Jamie Iannone
       2101 SE Simple Savings Dr.
       Bentonville, AR 72712

**By Certified Mail, Return Receipt Requested**

Attached is a copy of petition.
This instrument was filed on the **27th day of June, 2019,** in the above cited cause number and court. The instrument attached describes the claim against you.

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the county clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Issued and given under my hand and the seal of said court, at Houston, Texas, on this 1st day of July, 2019

(Seal)

Diane Trautman, County Clerk
County Civil Court at Law No. 1
201 Caroline, Suite 300
Harris County, Texas

Jesse Salas
Deputy County Clerk

Requested By:    DAVID A SLAUGHTER
                 17225 EL CAMINO REAL
                 HOUSTON TX  77058

P.O. Box 1525 ● Houston, TX 77251-1525 ● (713) 274-1374

Form No. H01223 (Rev. 08/29/2016)       WWW.CCLERK.HCTX.NET       Page 1 of 1

6/27/2019 3:58 PM
Diane Trautman
County Clerk
Harris County

Harris County - County Civil Court at Law No. 1

1136535

NO._____

| | | |
|---|---|---|
| MARY S. THOMAS | § | IN THE COUNTY COURT AT LAW |
| vs. | § | OF HARRIS COUNTY, TEXAS |
| SAM'S CLUB | § | COURT NO. _____ |

## PLAINTIFF'S ORIGINAL PETITION

COMES NOW, PLAINTIFF MARY THOMAS, and would respectfully show the following to the Court:

Plaintiff, Mary Thomas is a resident of Houston, Harris County, Texas.

Defendant Sam's Club ("Sam's Club") is a resident of the State of Arkansas and is doing business as a retail outlet in Houston, Harris County, Texas. Defendant Sam's Club is a foreign entity who may be served with process by certified mail on its President Jamie Iannone at Sam's Club: 2101 SE Simple Savings Dr., Bentonville, AR 72712.

1. Plaintiff intends to conduct discovery under Level 2 of the Texas Rules of Civil Procedure. R94

2. The incident in question happened in Houston, Harris County, Texas.

3. The incident happened on July 5, 2017 at the Sam's Club No. 8244 on Fuqua when Plaintiff Mary Thomas was attempting to shop when she was struck from behind by a train of 2 to 3 shopping carts being pushed by Sam's Club employee Chrystal Whittle.

4. Plaintiff Mary Thomas sustained injury to her right foot which was struck by the carts being pushed by the Sam's Club employee.

5. The incident in question was the direct and proximate result of the negligence of the Sam's Club employee acting within the course and scope of her employment with "Sam's Club". The acts of Defendant's employee also constitutes assault and battery.

6. Defendant's negligence and assault and battery, as previously stated, was a direct and proximate cause of injuries to Plaintiff Mary Thomas. Plaintiff Mary Thomas sustained severe and disabling injuries in the past and will continue to suffer into the indefinite future. Plaintiff has suffered physical pain and suffering in the past and will continue to so suffer into the future.

7. Plaintiff Mary Thomas has incurred reasonable and necessary medical care and medical bills in the past and will in all probability incur reasonable and necessary medical bills in the future.

8. Plaintiff has suffered damages within the jurisdictional limits of the Court and within the limits of $100,000.00.

9. Plaintiff Mary Thomas under Rule 194, requests Defendant to disclose the information or material described in Rule 194.2 with 50 days of service of this request.

10. Wherefore, Plaintiff Mary Thomas prays that Defendant be served with process and that Plaintiff be awarded her damages in an amount within the jurisdictional limits of the Court as follows:

1. Actual damages;
2. Punitive damages;
3. Prejudgment and post-judgment interests;
4. Court costs;
5. Any and all relief for which she may show herself justly entitled to receive.

RESPECTFULLY SUBMITTED,

*/s/ D. A. Slaughter*

DAVID A. SLAUGHTER
TBA NO. 18488000
1002 GEMINI, SUITE 225H
HOUSTON, TEXAS 77058
281-280-8066 (Tele)
dslaughterlaw@aol.com (email)