United States District Court
Southern District of Texas

**ENTERED**

April 27, 2020

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARY S. THOMAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-20-0143 |
| | § | |
| SAM'S EAST, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Mary Thomas ("Plaintiff") asserts claims against defendant Sam's East, Inc. ("Defendant") for negligence, assault, and battery.[1]  Pending before the court is Defendant's Motion for Summary Judgment (Docket Entry No. 6) ("Defendant's MSJ").  For the reasons explained below, Defendant's MSJ will be granted.

## I.  Factual and Procedural Background

Plaintiff alleges that on July 5, 2017, she sustained an injury to her right foot when struck by shopping carts pushed by an employee on the premises of a Sam's Club in Houston, Texas.[2]  She filed this action in state court on June 27, 2019, and filed her

---

[1]Plaintiff's First Amended Original Petition ("Amended Petition"), Exhibit 3 to Notice of Removal, Docket Entry No. 1-3, pp. 1-2 ¶¶ 3-6.  All page numbers for docket entries in the record refer to the pagination inserted at the top of the page by the court's electronic filing system, CM/ECF.

[2]Id. at 1 ¶ 3.

Amended Petition on December 16, 2019.[3]  Defendant was served with process on January 7, 2020.[4]  Defendant timely removed on the basis of diversity jurisdiction.[5]

Defendant filed its Motion for Summary Judgment on March 2, 2020, contending that the action must be dismissed because it is barred by the Texas two-year statute of limitations.[6]  Plaintiff responded on March 18, 2020,[7] and Defendant replied on March 20, 2020.[8]

## II.  <u>Standard of Review</u>

Summary judgment is appropriate if the movant establishes that there is no genuine dispute about any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  Disputes about material facts are genuine "if the evidence is such

───────────────

[3]Plaintiff's Original Petition, Exhibit 2 to Notice of Removal, Docket Entry No. 1-2, p. 1; Amended Petition, Exhibit 3 to Notice of Removal, Docket Entry No. 1-3, p. 1.

[4]Service of Process Transmittal, Exhibit C to Defendant's MSJ, Docket Entry No. 6-3, p. 1.

[5]Notice of Removal, Docket Entry No. 1.

[6]Defendant's MSJ, Docket Entry No. 6, p. 2; <u>see also</u> Defendant's Original Answer, Exhibit 4 to Notice of Removal, Docket Entry No. 1-4, p. 3 ¶ 14 (asserting the statute of limitations as a defense).

[7]Plaintiff's Response to Defendant's Motion for Summary Judgment ("Plaintiff's Response"), Docket Entry No. 14.

[8]Defendant's Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment ("Defendant's Reply"), Docket Entry No. 15.

that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2510 (1986). The moving party is entitled to judgment as a matter of law if "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986).

A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam) (quoting Celotex, 106 S. Ct. at 2553). "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." Id. If the moving party meets this burden, Rule 56© requires the nonmovant to go beyond the pleadings and show by admissible evidence that specific facts exist over which there is a genuine issue for trial. Id. The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." Matushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986).

### III.   **Law and Analysis**

"Summary judgment is appropriate when the undisputed facts demonstrate that a claim is time-barred." Babin v. Quality Energy Services, Inc., 877 F.3d 621, 624 (5th Cir. 2017). Defendant

contends that it is entitled to summary judgment because it was not served with process until six months after the two-year limitations period for Plaintiff's claims had expired.[9]

Texas law requires a plaintiff who files suit but does not serve process within the limitations period to use due diligence in procuring service on the defendant in order to toll the statute of limitations. Saenz v. Keller Industries of Texas, Inc., 951 F.2d 665, 668 (5th Cir. 1992). This due diligence requirement applies to state law claims brought in federal court under diversity jurisdiction. Id. Whether due diligence was exercised in pursuing service of process is usually a question of fact, but a plaintiff may be found not to have exercised due diligence as a matter of law if no excuse is offered for a failure to procure service. Id. "[I]t is the plaintiff's burden to present evidence regarding the efforts that were made to serve the defendant, and to explain every lapse in effort or period of delay." Proulx v. Wells, 235 S.W.3d 213, 216 (Tex. 2007).

Plaintiff's claims are subject to a two-year limitations period.[10] See Tex. Civ. Prac. & Rem. Code § 16.003(a). Because the alleged injury occurred on July 5, 2017, the limitations period expired on July 5, 2019. Plaintiff filed the action on June 27,

---

[9]Defendant's MSJ, Docket Entry No. 6, p. 2 ¶ 3.

[10]Amended Petition, Exhibit 3 to Notice of Removal, Docket Entry No. 1-3, p. 2 ¶ 5.

2019, but Defendant was not served until January 7, 2020 - over six months after Plaintiff filed suit and the limitations period has expired.

Courts have held that an unexplained delay of several months in serving process shows a lack of due diligence as a matter of law.  E.g., Contreras v. Chavez, 420 F. App'x 379, 381 (5th Cir. 2011).  A plaintiff must give a reasonable explanation for the delay and show persistent, determined attempts to serve the defendant during the period of delay.  See Proulx, 235 S.W.3d at 216; Webster v. Thomas, 5 S.W.3d 287, 291 (Tex. App.-Houston [14th Dist.] 1999, no pet.).  Plaintiff states that her counsel called the Harris County Clerk's office "several times inquiring if Defendant had been served . . . [and was] told several times that the County Clerk had not received any indication that Defendant had been served nor had the citation been returned un-served."[11]  "Plaintiff's Counsel was waiting to see if Defendant would be served."[12]  Plaintiff offers no explanation why no further action was taken.  The court concludes that passively waiting for service to occur for over five months and taking no action but to call the clerk's office to inquire about the status of service shows a lack of diligence as a matter of law.  Moreover, Plaintiff attaches no

---

[11]Plaintiff's Response, Docket Entry No. 14, p. 1.

[12]Id.

evidence to show the actions taken to effectuate service.[13] Plaintiff has not met the requirements necessary to toll the limitations period to when Defendant was served process.

Plaintiff also argues that Defendant's MSJ should be denied because she has alleged a claim for breach of Defendant's duty to maintain the premises in a safe condition.[14]   Although Plaintiff contends that the four-year limitations period for breach of warranty applies to such a claim, this claim is governed by section 16.003(a)'s two-year limitations period.  Ayala v. Home Depot USA, Inc., Civil Action No. 1:16-v076, 2017 WL 1164170, at *3 (S.D. Tex. March 29, 2017).

Plaintiff also argues that she has alleged that her injury resulted from a breach of an implied warranty.[15]  Defendant replies that there is no such allegation in the Amended Petition.[16]   The Amended Petition does not name breach of warranty as a cause of action, and states only that Defendant's negligence, assault, and battery caused Plaintiff's injuries.[17]  It only states there was "an

---

[13]Plaintiff's Response cites "Plaintiff's Counsel Affidavit attached as Plaintiff's Exhibit 'A'" but did not attach any exhibits to its brief.  Plaintiff's Response, Docket Entry No. 14, p. 1.

[14]Id. at 2.

[15]Id. at 2.

[16]Defendant's Reply, Docket Entry No. 15, pp. 1-2.

[17]Amended Petition, Exhibit 3 to Notice of Removal, Docket Entry No. 1-3, p. 2 ¶¶ 6-8.

implied warranty that 'the store would be safe and that defendant's employees would act with reasonable care and not injure patrons such as Plaintiff in the manner which Plaintiff was injured.'"[18] Plaintiff argues this describes an implied warranty of good and workmanlike performance, but such a warranty only applies to services "involving the repair or modification of existing tangible goods or property." See Archibald v. Act III Arabians, 755 S.W.2d 84, 85 (Tex. 1988). The Amended Petition does not mention any such services. The court concludes the Amended Petition does not allege breach of implied warranty as a cause of action.

## IV.   Conclusion and Order

For the reasons explained above, the court concludes there is no genuine issue of material fact as to whether Plaintiff's claims are barred by the statute of limitations. Defendant's Motion for Summary Judgment (Docket Entry No. 6) is **GRANTED.**

**SIGNED** at Houston, Texas, on this 27th day of April, 2020.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

---

[18] Id. at 2 ¶ 7.